UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:14-cr-185-T-23MAP
  8:18-cv-1188-T-23MAP

GEORGE CHALLITA
_____/

**O R D E R**

Challita moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his conviction for introduction into interstate commerce of misbranded drugs, for which offense he is imprisoned for 15 months. Although timely, Challita's motion lacks merit because in the plea agreement Challita waived the right to raise the ground he asserts in the motion to vacate.

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b)

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

[Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

## **FACTS**[2]

> From at least March 1, 2011, through at least September 30, 2013, the defendant and others, through certain business entities, introduced, and delivered for introduction, into interstate commerce, smokable synthetic cannabinoids (SSCs) in the Middle District of Florida and elsewhere. The SSC's were manufactured by applying chemicals (synthetic cannabinoids) to plant material to create a product which users would smoke for a "high." As the SSCs were intended to be smoked and affect the structure or function of the human body, they were drugs subject to the labeling requirements of the Federal Food Drug and Cosmetic Act (FDCA), 21 U.S.C. § 301 et. seq.
>
> The packaging and labeling of the SSC's were generally colorful with cartoon depictions, often describing the contents as incense, potpourri, and aromatherapy and, contrary to intended use, falsely represented that the contents were "not for human consumption." The labeling often contained additional representations suggesting that the contents were in compliance with the law, such as "DOES NOT contain . . . ," "DEA Compliant," and "100% Cannabinoids Free," in order to mislead consumers, retail distributors, regulators, and/or law enforcement.
>
> The SSC's, packaged and labeled as described herein, were misbranded within the meaning of the FDCA, in that the packaging did not adequately identify the manufacturer, distributor, or place of business; did not adequately identify the ingredients in the drug; and did not include adequate directions for the use of the drug. The defendant participated in the

---

[2] This summary of the facts derives from pages 17–18 in the plea agreement. (Doc. 442)

>   misbranding of the SSC's with the intent to defraud and
>   mislead.

## GROUNDS

Challita alleges that counsel rendered ineffective assistance at sentencing because the United States was allowed to untimely file an objection to the pre-sentence report, which objection the district court sustained. As a consequence, the sentence was calculated based on fraud involving $1.9 million and the Offense Level was increased from 4 to 19, which produces a sentence range of 30–37 months.[3] However, at sentencing the district court granted defense counsel's motion for a variance, to which the government offered no objection, and varied downward by five levels to an Offense Level 14, which produced a sentencing range of 15–21 months. The district court imposed a low-end sentence of 15 months.

Challita's conviction is based on a negotiated plea. The plea agreement specifically states that Challita "expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range . . . ." (Doc. 442 at 14) Consequently, a waiver of the right to challenge the guidelines sentence controls and the appeal waiver precludes a claim of ineffective assistance of counsel at sentencing, as *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert. denied* 546 U.S. 902 (2005), explains:

>   [A] valid sentence-appeal waiver, entered into voluntarily and
>   knowingly, pursuant to a plea agreement, precludes the
>   defendant from attempting to attack, in a collateral proceeding,
>   the sentence through a claim of ineffective assistance of counsel

---

[3] Chillita's lack of a criminal record afforded him a Criminal History Category I.

> during sentencing. [A] contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless.

*See also United States v. Pannullo*, 709 F. App'x 683, 683–84 (11th Cir. 2018) (applying *Williams* and declining to issue a certificate of appealability because a "defendant cannot avoid application of an appeal waiver by recasting a sentencing challenge as an ineffective-assistance-of-counsel claim.").[4]

Also, Challita contests the calculation of his sentence based on the amount of money involved in the fraud because he contends that he worked for the principal co-defendant from October 2011 to July 2012, not beginning in March 2011. To the contrary, Challita pleaded guilty to count one of the superceding indictment, which charges that Challita was involved in the crime from "on or about March 1, 2011, and continuing thereafter through at least on or about September 30, 2013 . . . ." (Doc. 437 at 1) In his plea agreement Challita admitted to his involvement "[f]rom at least March 1, 2011, through at least September 30, 2013 . . . ." (Doc. 442 at 17) Challita cannot now withdraw his earlier admissions. *See Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) ("[T]he representations of the defendant . . . [at the plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in

---

[4] Although the waiver in *Williams* was broader to include collateral review, Pannullo's waiver, available at Doc. 3 in 8:16-cr-222-T-35JSS, like Challita's waiver, applies to only a direct appeal. *Pannullo* is binding precedent because it was issued by a three-judge panel. *Griffin v. Sec'y, Fla. Dep't of Corrs.*, 787 F.3d 1086, 1095 n.7 (11th Cir. 2015) ("The denial of a COA by three judges in a published opinion, however, does constitute binding precedent that the issue in question has no merit."), *cert. denied*, 136 S. Ct. 825 (2016).

open court carry a strong presumption of verity."). *Accord Marquez v. United States*, 984 F. App'x 843, 866 (11th Cir. 2017) (quoting *Blackledge*); *Connolly v. United States*, 568 F. App'x 770, 771 (11th Cir. 2014) (quoting *Blackledge*).

Accordingly, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**. The clerk must enter a judgment against Challita, close this case, and enter a copy of this order in the criminal action.

**DENIAL OF BOTH A
CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Challita is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Challita must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Challita is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Challita must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 1, 2018.

                                        STEVEN D. MERRYDAY
                                    UNITED STATES DISTRICT JUDGE